1
2
3
4
5
6
7

**E-filed 7/17/2007**

8
NOT FOR CITATION

9
**IN THE UNITED STATES DISTRICT COURT**

10
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11
**SAN JOSE DIVISION**

12

13
VANDA McCAULEY,

Case Number C 07-01784 JF (HRL)

14
                              Plaintiff,

ORDER[1] GRANTING MOTION TO
DISMISS AND MOTION TO STRIKE

15
          v.

[re: docket no. 7]

16
STANFORD UNIVERSITY MEDICAL CENTER;
LUCILE PACKARD CHILDREN"S HOSPITAL;

17
STANDFORD HOSPITAL & CLINICS; and Does
1 through 10, inclusive,

18
                              Defendants.

19

20

21
          Defendants seek to have several claims or parts of claims asserted by Plaintiff dismissed

22
or stricken pursuant to Fed. R. Civ. P. 12(b)(6) or 12(f).  First, Defendants assert that Plaintiff's

23
claims for gender discrimination and gender harassment in violation of the Fair Employment and

24
Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964 ("Title VII") fail as a matter

25
of law because Plaintiff failed to exhaust her administrative remedies as to these claims.  Second,

26
Defendants argue that, because Plaintiff failed to file a civil action within the permissible statute

27

28
          [1] This disposition is not designated for publication and may not be cited.

1    of limitations period, her statutory claims must be limited to events that occurred on or after May

2    12, 2004, and any allegations which pre-date May 12, 2004 must be stricken from her complaint.

3    Finally, Defendants assert that Plaintiff's claims for disability discrimination under FEHA and

4    the Americans with Disabilities Act ("ADA") must be dismissed because Plaintiff has failed to

5    allege sufficiently that she is "disabled" within the meaning of those statutes.  The Court heard

6    oral argument on July 6, 2007.

7                                    **I. BACKGROUND**

8         This is an employment discrimination case.  Plaintiff alleges discrimination against her by

9    Defendants on the basis of race, gender, and disability.  Plaintiff also alleges retaliation.  Prior to

10   filing the instant action, Plaintiff filed three administrative charges of discrimination with the

11   Department of Fair Employment and Housing ("DFEH") and the Equal Opportunity Commission

12   ("EEOC").

13        On February 10, 2005, Plaintiff filed a DFEH charge alleging discrimination and

14   harassment on the basis of race and disability, and retaliation.  Plaintiff alleged that this conduct

15   occurred on a continuing basis through the date of her charge.  On February 14, 2005, Plaintiff,

16   through her attorney, received an immediate right to sue letter to file a civil action under FEHA.

17        On March 8, 2005, Plaintiff filed an EEOC charge which she cross-filed with the DFEH.

18   Plaintiff alleged discrimination on the basis of race and disability, as well as retaliation.  Plaintiff

19   asserted the earliest date that the discrimination took place was May 12, 2004.  Plaintiff received

20   a right to sue letter from the DFEH dated March 10, 2005.  The letter indicated that while

21   Plaintiff had one year from the date of the letter to file a civil action under FEHA, the statute of

22   limitations would be tolled during the EEOC's investigation of the charge.  Plaintiff received a

23   right to sue letter from the EEOC dated June 13, 2006.

24        On May 11, 2005, Plaintiff filed an EEOC charge alleging discrimination which she also

25   cross-filed with the DFEH.  Plaintiff alleged discrimination on the basis of disability and

26   retaliation.  Plaintiff received a right to sue letter from the DFEH dated June 2, 2005.  She

27   received a right to sue letter from the EEOC dated June 13, 2006.

28        Plaintiff commenced the instant action on September 13, 2006.

                                          2

1

## II.  LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons:  (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  Although the Court generally may not consider any material beyond the pleadings when ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997), it may consider documents that are attached to and part of the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754.  However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55.  Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

## III.  DISCUSSION

### A.   Plaintiff's Claim for Gender Discrimination and Harassment

Plaintiff first alleges that Defendants discriminated against her "on the basis of race, gender, disability and for complaining about unlawful conduct . . . ."  Complaint at ¶25.  Further, in her second claim for harassment/hostile work environment, she alleges that Defendants failed to end their "severe and pervasive adverse employment action" because of her race, color, gender, disability and complaints of discrimination.  Complaint at ¶32.

Defendant seeks to have the claims for gender discrimination and harassment dismissed on the basis that Plaintiff failed to exhaust her administrative remedies as to such claims.  Specifically, Defendants assert that Plaintiff did not first raise these allegations with the EEOC or the DFEH as required by the law.

3

1    Plaintiff does not dispute that the administrative charges do not allege a claim regarding

2    gender or sex.  However, she argues that the intake personnel at the DFEH and EEOC failed to

3    include information from a declaration she submitted in each of the three administrative

4    proceedings.  Plaintiff alleges this declaration was attached to and submitted with her charges

5    filed both with the DFEH and the EEOC.  However, Plaintiff has not provided a copy of the

6    alleged declaration to the Court.

7    Ninth Circuit case law recognizes an equitable exception to the exhaustion requirement

8    when EEOC representatives mislead plaintiffs about their claims.  However, these cases appear

9    to be limited to situations in which the plaintiff was acting *pro se.  See Josephs v. Pacific Bell*,

10   443 F.3d 1050, 1061 (9th Cir. 2006).  Here, according the her attorney's declaration in

11   opposition to the instant motion, Plaintiff was assisted by counsel with each of her administrative

12   filings.  Boyd declaration at ¶3.

13   In *Shah v. Mt. Zion Hospital & Medical Center*, 642 F.2d 268, 271 (9th Cir. 1981), a

14   plaintiff was not allowed to expand his EEOC complaint alleging "sex" and "national origin"

15   discrimination  to include charges of "race," color" and "religious" discrimination because these

16   theories had not been investigated by the EEOC.  In this case, Plaintiff's administrative charges

17   make no reference whatsoever to gender or sex.  Although she states that she was an African-

18   American woman, Plaintiff did not check the box for "sex," nor did she allege any facts in the

19   body of the charges that reference "gender" or "sex."  Under these circumstances, Plaintiff's

20   claims for "gender" discrimination and "gender" harassment in violation of FEHA and Title VII

21   are barred for failure to exhaust administrative remedies and will be dismissed without leave to

22   amend.

23   **B.    Plaintiff's Allegation that Pre-Date May 12, 2004**

24   Defendants next move to strike Plaintiff's allegations concerning events that pre-date

25   May 12, 2004 because Plaintiff failed to file the instant case within the statutory limitations

26   period.  Plaintiff filed her first DFEH charge on February 10, 2005.  In this charge, Plaintiff

27   alleged discrimination and harassment on the basis of race and disability, as well as retaliation,

28   and claimed that this conduct occurred on a "continuing" basis through the date of the charge.

4

1    Because Plaintiff received a right to sue letter dated February 14, 2005, she was required to file a

2    civil action based on the allegations in the charge on or before February 14, 2006.  Plaintiff does

3    not dispute that she failed to file the instant action before that date; rather her attorney argues that

4    "because Ms. McCauley is a layperson, when she filed her first complaint with the DFEH she

5    mistakenly requested a 'right to sue letter' not understanding the procedures that permitted the

6    DFEH to investigate her claims."  Boyd Declaration at ¶3.  However, as discussed above,

7    Plaintiff in fact was represented by counsel at all relevant times.

8        Plaintiff filed her EEOC charge, which was cross filed with DFEH, on March 8, 2005.

9    Plaintiff again alleged discrimination on the basis of race and disability, as well as retaliation.  In

10   this charge, Plaintiff did not check the box to indicate that the alleged conduct constituted a

11   "continuing action," nor did Plaintiff allege in her narrative that the alleged discrimination was

12   occurring on a continuing basis.  Rather, Plaintiff specifically indicated in the designated box that

13   the earliest date of discrimination was May 12, 2004.  She further alleged in the body of the

14   charge that the discrimination had been occurring "[s]ince at least May 12, 2004."  Plaintiff

15   received her right to sue for these allegations on June 13, 2006.  The letter informed her of her

16   right to file a lawsuit within 90 days with respect to her Title VII and ADA claims and within one

17   year with respect to a civil action under FEHA.  Accordingly (adding five days for service by

18   mail), Plaintiff was required to file a Title VII or ADA action not later than September 16, 2006,

19   and she was required to file a FEHA civil action on or before June 13, 2007.  Plaintiff filed the

20   instant action by September 13, 2006.

21       Based on the these facts, a civil action based upon the claim filed February 10, 2005 is

22   well outside the applicable computation period, and thus the instant action is timely only as to the

23   charge filed on March 8, 2005.  This charge specifically limits Defendants' alleged unlawful

24   conduct to events occurring on or after May 12, 2004.  Plaintiff's counsel conceded during oral

25   argument that the claims should be limited to the events occurring on or after that date.

26   Accordingly, any allegations contained in the complaint with respect to events alleged to have

27   occurred before May 12, 2004 will be stricken.

28

Case No. C 07-1784 JF (HRL)
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE
(JFLC3)

1

**C.     Plaintiff's Claim for Disability Discrimination**

2

Finally, Defendants seek to have Plaintiff's claims for disability discrimination and

3  failure to accommodate dismissed because the complaint fails to allege sufficiently that Plaintiff

4  is disabled withing the meaning of the ADA or FEHA.  Plaintiff alleges in her complaint that she

5  is a "qualified individual," which is sufficient to allege a disability.  Plaintiff also alleges she was

6  not able to work for a period of time because of suffering stress from discrimination, hostility,

7  and retaliation.  In her opposition to Defendants' motion, Plaintiff claims that  Defendants failed

8  to accommodate her because of a physical medical condition but does not state what the physical

9  medical condition is.

10

An individual is considered disabled within the meaning of the ADA is she has: 1) a

11  physical or mental impairment; 2) that substantially limits; 3) a major life activity.  42 U.S.C.

12  §12102(2)(A).  Similarly, an individual is disabled within the meaning of the FEHA if she has: 1)

13  a physical or mental impairment; 2) that limits; 3) a major life activity.  Cal. Gov. Code

14  §12926.1(c), (d)(2).

15

Under the ADA, stress may qualify as disability if it substantially limits an employee's

16  ability to perform a major life activity.  *Mustafa v. Clark County School District*, 157 F.3d 1169,

17  1174-75 (9th Cir. 1998).  The complaint does not allege what major life activity Plaintiff has

18  been unable to perform.  It alleges only that Plaintiff became disabled as a result of the stress

19  caused by working under her supervisor and other unnamed managers.  Such an allegation is not

20  legally sufficient to establish a claim for disability discrimination.  *See Schneiker v. Fortes Ins.*

21  *Co.,* 200 F.3d 1055, 1062 (7th Cir. 2000) (Stress caused by a personality conflict with a

22  supervisor was not enough to demonstrate that the employee is disabled within the meaning of

23  the ADA.)  Moreover, Plaintiff does not allege anywhere in her complaint (as distinguished from

24  her opposition papers) that she suffers from a physical disability.  Because stress may qualify as a

25  disabling condition under certain factual circumstances, and Plaintiff does claim in her

26  opposition papers that she suffered from a physical disability, the Court will grant leave to amend

27  in order that Plaintiff may plead her disability claim with particularity.

28

6

1

## IV.  CONCLUSION

2  Good cause appearing:

3  1.)      Plaintiff's claims for gender discrimination and gender harassment in violation of

4           the FEHA and TITLE VII are DISMISSED, without leave to amend;

5  2.)      Plaintiff's claim for disability discrimination/failure to accommodate in violation

6           of FEHA, Title VII, and the ADA is DISMISSED with leave to amend.  Any

7           amended complaint must be filed within thirty (30) days of the date of this order;

8           and

9  3.)      Any allegations in Plaintiff's complaint that are based on events alleged to have

10          occurred prior to May 12, 2004 are hereby stricken.

11

12  IT IS SO ORDERED.

13

14  DATED: July 17, 2007.

15

16  _____

17  JEREMY FOGEL
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

7

1   Notice has been electronically mailed to:

2   Marylon M. Boyd          marylonboyd@msn.com, tmeyers@tanyameyerslaw.com

3   Alyson Cabera            acabrera@gordonrees.com

4   Notice has been delivered by other means to:

5   Michael Terrence Lucey
    Gordon & Rees
6   275 Battery Street, 20th Fl.
    San Francisco, CA   94111

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Case No. C 07-1784 JF (HRL)
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE
(JFLC3)