**E-Filed 5/6/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VANDA MCCAULEY,<br><br>            Plaintiff,<br><br>   v.<br><br>STANFORD UNIVERSITY MEDICAL CENTER, et al.,<br><br>            Defendants. | Case Number C 07-1784 JF (RS)<br><br>ORDER[1] DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT; DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND HER COMPLAINT; AND DENYING DEFENDANTS' REQUEST FOR SANCTIONS |

     On March 11, 2009, the Court granted Defendants' motion for summary judgment and entered judgment for Defendants. On March 23, 2009, Plaintiff filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). On the same date, Plaintiff filed a supplemental brief requesting leave to amend her complaint. Defendants filed opposition, asserting that Plaintiff's motion for reconsideration is procedurally and substantively defective and requesting that the Court sanction Plaintiff for bringing the motion. The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on May 1, 2009. For the reasons discussed below, the motion for reconsideration, the request for leave to

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 07-1784 JF (RS)
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT ETC.
(JFLC2)

amend, and the request for sanctions will be denied.

## I. PROCEDURAL OBJECTION AND REQUEST FOR SANCTIONS

Defendants claim that Plaintiff failed to obtain leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9. By its express terms, that rule governs motions for reconsideration brought "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Civ. L.R. 7-9(a). The rule does not apply to Plaintiff's motion, which was filed after judgment was entered in this case.

Plaintiff's motion properly was brought under Fed. R. Civ. P. 59(e), governing motions to alter or amend a judgment. *See School District No. 1J, Multnomah County v. ACandS*, 5 F.3d 1255, 1262 (9th Cir. 1993) (holding that Rule 59(e) is an appropriate vehicle for seeking review of summary judgment). A Rule 59(e) motion must be brought within ten days after entry of judgment. When computing a time period specified in the Federal Rules of Civil Procedure that is less than eleven days, Saturdays, Sundays and legal holidays are excluded. Fed. R. Civ. P. 6(a)(2). Judgment was entered on Wednesday, March 11, 2009. The tenth day after that date, excluding weekends, was Wednesday, March 25, 2009. Plaintiff's motion was timely filed on Monday, March 23, 2009.

Defendants argue that the motion actually is a disguised motion for reconsideration of the Court's Order of July 17, 2007, striking from the complaint any allegations based upon events alleged to have occurred prior to May 12, 2004. Plaintiff's Rule 59(e) motion does in fact revisit the Court's 2007 ruling. However, the Court will not deny the motion as procedurally defective on this basis.

Finally, Defendants argue that Plaintiff impermissibly reargues matters already considered and decided by the Court. Reconsideration of a summary judgment ruling pursuant to Rule 59(e) is appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *Multnomah*, 5 F.3d at 1263. The repetition of arguments that the district court already considered and rejected is not a proper basis for reconsideration. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Plaintiff's motion

does repeat arguments previously rejected by the Court. However, in the Court's experience most Rule 59(e) motions contain some repetition, and the Court will not deem the motion procedurally defective on this basis.

In their opposition brief, Defendants request that the Court sanction Plaintiff for violating Civil Local Rule 7-9. As is noted above, that rule does not apply here. Moreover, pursuant to Civil Local Rule 7-8, any motion for sanctions must be presented as a separate noticed motion in conformity with Civil Local Rule 7-2. Thus Defendants' request for sanctions, asserting that Plaintiff's motion is procedurally defective, itself is procedurally defective.

## II. SUBSTANTIVE ARGUMENTS

Plaintiff does not present any newly discovered evidence.

She does appear to assert a change in controlling law, citing *CBOS West, Inc. v. Humphries*, 128 S.Ct. 1951 (2008) and *McDonald v. Antelope Valley Community College District*, 45 Cal. 4th 88 (2008). However, even assuming that these decisions, which were issued prior to this Court's summary judgment ruling, meet the definition of "intervening" change in law, neither decision affects this Court's analysis. *CBOS* holds that 42 U.S.C. § 1981 encompasses retaliation claims; Plaintiff has not asserted a § 1981 claim in this case. Plaintiff requests that the Court set aside its judgment and permit her to amend her complaint to add a § 1981 claim. The request for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely given when justice so requires." In deciding whether to grant leave to amend, the Court will consider several factors, including: (1) undue delay by the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of amendment; and (5) whether the party previously has amended its pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Here, Plaintiff's motion is extraordinarily late. Granting the motion would prejudice Defendants, who already have successfully litigated a summary judgment motion and obtained judgment in their favor. Moreover, based upon its conclusion that Plaintiff failed to make out even a *prima facie* case of retaliation under Title VII or FEHA, the Court concludes that amendment to assert a retaliation under a different statute would be futile. Accordingly, Plaintiff's request for leave to amend her complaint will be

1  denied.

2      *McDonald* holds that when an employee voluntarily pursues an internal administrative
3  remedy prior to filing a complaint under the California Fair Employment and Housing Act
4  ("FEHA"), the statute of limitations on her FEHA claim is subject to equitable tolling. Plaintiff
5  has not asserted tolling based upon the pursuit of an internal administrative remedy prior to filing
6  her claims with the California Department of Fair Employment and Housing and the United
7  States Equal Employment Opportunity Commission. Accordingly, the case is inapplicable here.

8      Plaintiff also asserts that the Court committed clear error and that its order granting
9  summary judgment for Defendants was manifestly unjust. First, she asserts that the Court
10 improperly interpreted her statements that Shara Johnson, another African-American analyst in
11 Plaintiff's department, did not appear African-American, as referring to Ms. Johnson's facial
12 features when Plaintiff in fact was referring to the light color of Ms. Johnson's skin. This
13 discrepancy has no impact on the Court's analysis; whether Plaintiff is of the opinion that Ms.
14 Johnson does not appear to be African-American based upon her skin color or her facial features,
15 Plaintiff has not cited any authority that her subjective categorization of Ms. Johnson's
16 appearance is sufficient to call into doubt whether Ms. Johnson legally is in the same protected
17 class as Plaintiff. Plaintiff asserts that Ms. Johnson refers to herself as "mixed race," and
18 challenges the Court's characterization of a person of "mixed race" as African-American as
19 being without foundation. Although the Court did not see the need to offer a dictionary
20 definition of "African-American" in its earlier order, Merriam-Webster defines that term to mean
21 "an American of African and especially of black African descent." Merriam-Webster Online
22 Dictionary, http://www.merriam-webster.com (last visited May 6, 2009). There does not appear
23 to be any dispute that Ms. Johnson's father is African-American; accordingly, under this
24 definition, the Court's characterization of Ms. Johnson's race is accurate.

25     At oral argument, Plaintiff's counsel asserted that even if Plaintiff and Ms. Johnson
26 technically are of the same race, Ms. Johnson was treated significantly better *because* her skin
27 color was much lighter than Plaintiff's skin color. The Court agrees with Plaintiff that
28 discrimination based upon skin color may give rise to a cognizable claim even when both the

4

plaintiff and the person treated more favorably are of the same race.  However, Plaintiff has not pointed to any evidence that Mr. Van Zee viewed Ms. Johnson as other than African-American or that he treated Ms. Johnson more favorably because of her skin color rather than because of her job performance or other legitimate reason.  Moreover, as is noted in the Court's Order of March 11, 2009, the Court need not even reach Defendants' motivations in this case because Plaintiff failed to make out even a *prima facie* case of discrimination or retaliation.

Plaintiff asserts that the Court has not disposed of the question whether the continuing violation doctrine applies, and thus whether Plaintiff properly may rely upon evidence of events occurring prior to May 12, 2004.  The Court did dispose of this question in its Order of July 17, 2007, which expressly struck from the complaint any allegations based upon events alleged to have occurred prior to May 12, 2004.  Based upon this ruling, as to which Plaintiff did not seek reconsideration, the Court properly limited Plaintiff's claims to those events occurring after May 12, 2004.

Plaintiff's remaining arguments repeat arguments considered and rejected by the Court in ruling on Defendants' motion for summary judgment.

### III. ORDER

(1)   Plaintiff's motion to alter or amend the judgment is DENIED;

(2)   Plaintiff's request for leave to amend her complaint is DENIED; and

(3)   Defendants' request for sanctions is DENIED.

DATED:  5/6/09

_____
JEREMY FOGEL
United States District Judge

1  Copies of Order served on:

2

3  Marylon M. Boyd      marylonboyd@msn.com, tmeyers@tanyameyerslaw.com

4  Alyson Cabrera      acabrera@gordonrees.com

5  Michael Terence Lucey      mlucey@gordonrees.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-1784 JF (RS)
ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT ETC.
(JFLC2)