**E-Filed 5/28/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VANDA MCCAULEY, | Case Number C 07-1784 JF (RS) |
| Plaintiff, | ORDER[1] RE PLAINTIFF'S MOTION FOR REVIEW OF TAXED COSTS |
| v. | [re: docket no. 76] |
| STANFORD UNIVERSITY MEDICAL CENTER, et al., | |
| Defendants. | |

Plaintiff moves for review of the costs taxed against her by the Clerk of the Court. The motion is opposed by Defendants. The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on May 22, 2009, and orders as follows:

Pursuant to Fed. R. Civ. P. 54(d)(1), costs other than attorneys' fees generally "should be allowed to the prevailing party" in a civil suit. Fed. R. Civ. P. 54(d)(1). This "rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of*

---

[1] This disposition is not designated for publication in the official reports.

1 *California*, 231 F.3d 572, 591 (9th Cir. 2000).  The specific types of costs that a court may tax
2 are enumerated in 28 U.S.C. § 1920.  The Civil Local Rules of this district provide further
3 guidance with respect to the types of costs that may be taxed.  *See* Civ. L. R. 54-3.

4       In the instant case, the Clerk taxed costs in the amount of $3,746.84.[2]  Plaintiff challenges
5 as excessive the Fees of the Clerk in the amount of $990.00, arguing that "Defendants did not
6 have to incur the cost of removing the matter from State Court to Federal Court, which added an
7 additional $350.00 for removal."  Obj. to Bill of Costs at 2.  Plaintiff cites no authority in support
8 of her argument.  Defendants had an absolute right to remove this action.

9       Plaintiff also objects to fees for service of summons and subpoenas, which the Clerk
10 taxed in the amount of $796.44.  Plaintiff asserts that to the extent the fees are for deposition
11 subpoenas, the fees should not be taxed as costs because the depositions ultimately were not
12 taken.  Plaintiff again fails to cite any authority for her position.  Plaintiff argues that to the extent
13 the fees are for subpoenas of Defendants' own records, the fees should not be taxed as costs.  The
14 Clerk in fact disallowed Defendants' claim of $55.00 in subpoena fees for their own records, and
15 also disallowed fees in the amount of $10.00 with respect to records of Kaiser Permanente-Santa
16 Clara, reducing Defendants' claimed costs in the amount of $861.44 for summons and subpoenas
17 to taxed costs in the amount of $796.44 for this category.

18       Finally, Plaintiff challenges as excessive the fees for exemplification and copies.  The
19 Clerk reduced the costs in this category from the claimed amount of $258.21 to taxed costs in the
20 amount of $198.65.  Plaintiff offers no authority for a further reduction.

21       The Clerk of the Court carefully considered all of the costs submitted by Defendants, and
22 reduced the claimed costs in several categories.  The Court is satisfied that the costs taxed by the
23 Clerk are authorized under 28 U.S.C. § 1920 and Civ. L. R. 54-3.

24       Plaintiff argues that given the potential hardship to her and the disparity of resources

25 ───────────────

26 [2] At first glance, this appears to be an amount greater than that requested by Defendants, as the "total" figure on Defendants' bill of costs is $3,439.21.  However, it is clear that the figure
27 $3,439.21 is the result of an error in addition on the part of Defendants.  If all of the line item costs claimed by Defendants are added, the total is $4,039.21.  Thus the Clerk's award in the
28 amount of $3,746.84 actually is *less* than the total amount of costs requested by Defendants.

1 between her and Defendants, the Court in the exercise of its discretion should decline to award
2 costs in this case. Plaintiff relies primarily upon *Stanley v. University of Southern California*,
3 178 F.3d 1069 (9th Cir. 1999) in making this request. In that case, the court was concerned with
4 the possibility that the unemployed plaintiff would be rendered indigent if forced to pay more
5 than $46,000 in costs. *Id*. at 1079-80. The court also noted that although the plaintiff ultimately
6 did not prevail on her lawsuit, she raised important civil rights issues as to which "the answers
7 were far from obvious." *Id*. at 1080. In contrast, in the instant case Plaintiff is employed, and the
8 taxed costs at issue total less than $4,000. In the Court's experience, this is an extremely modest
9 figure given that this was a contested employment discrimination case in which a motion for
10 summary judgment was filed. While the Court of course is aware of the state of the economy,
11 and is sympathetic to Plaintiff's situation, a significant disparity in the financial resources of the
12 plaintiff and the defendant is present in virtually every employment discrimination lawsuit.
13 Accordingly, while the Court has considered Plaintiff's declaration statements regarding her
14 circumstances, the Court concludes that this case does not warrant a departure from the
15 presumption established by Rule 54(d)(1).

**ORDER**

Accordingly, the Court affirms the Clerk's taxation of costs in the amount of $3,746.84.

DATED: 5/26/09

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-1784 JF (RS)
ORDER RE PLAINTIFF'S MOTION FOR REVIEW OF TAXED COSTS
(JFLC2)

1   Copies of Order served on:

2

3   Alyson Cabrera        acabrera@gordonrees.com

4   Marylon M. Boyd       marylonboyd@msn.com, tmeyers@tanyameyerslaw.com

5   Michael Terence Lucey    mlucey@gordonrees.com

4

Case No. C 07-1784 JF (RS)
ORDER RE PLAINTIFF'S MOTION FOR REVIEW OF TAXED COSTS
(JFLC2)